**Mayis ASATRYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72516.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2008.

Filed April 1, 2008.

Aris Artounians, Law Office of Aris Artounians, Glendale, CA, Erik Andersen, Payne & Fears, LLP, Irvine, CA, for Petitioner.

Andrew Cowan, Lawrence S. Middleton, USLA–Office of the U.S. Attorney, Los Angeles, CA, Marshall Tamor Golding, Brooke M. Maurer, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

MEMORANDUM *

The BIA affirmed the IJ's adverse credibility finding, and the record supports this finding, as petitioner's testimony was inconsistent with his asylum application, *see*

* This disposition is not appropriate for publication and is not precedent except as provided

*Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and implausible, *see Don v. Gonzales,* 476 F.3d 738, 743 (9th Cir.2007). Substantial evidence thus supports the finding that petitioner isn't eligible for asylum, *see* 8 U.S.C. § 1252(b)(4)(B), so he is also necessarily ineligible for withholding of removal, *see Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Petitioner's claim for relief under the Convention Against Torture (CAT) fails because a reasonable adjudicator would not be compelled to find that it's more likely than not that he would be tortured if removed. *See* 8 C.F.R. § 1208.16(c)(2).

Even if we were to assume that the BIA didn't affirm the IJ's adverse credibility finding, petitioner wouldn't be eligible for asylum, withholding of removal or CAT relief. A single beating incident that didn't require hospitalization and didn't cause petitioner to apply for asylum when he was previously in the United States, and vague threats don't amount to persecution, *see Li v. Ashcroft,* 356 F.3d 1153, 1158 (9th Cir.2004) (en banc), or torture, *see* 8 C.F.R. § 1208.18(a)(1).

**PETITION DENIED.**

W. FLETCHER, Circuit Judge, concurring in the judgment.

I write separately to highlight the deficiencies in the order of the Board of Immigration Appeals ("BIA"), which lead me to conclude that the BIA did not affirm the adverse credibility determination of the Immigration Judge ("IJ"). The government concedes that the IJ denied relief in a decision that "turned on" an adverse credibility determination. However, the BIA order gives no indication that it affirmed based on adverse credibility. The

by 9th Cir. R. 36–3.

BIA order states, "We agree that the respondent has not demonstrated eligibility for asylum and also affirm the Immigration Judge's determination that the respondent has failed to establish grounds for granting the other forms of relief requested." In support of this sentence, the BIA cites authorities that are entirely irrelevant to an adverse credibility determination.

First, the BIA cites 8 U.S.C. § 1158(a)(2)(B), the provision establishing the one-year filing deadline for asylum applications. The IJ's decision makes no mention of this deadline because the petitioner's application was timely.

Second, the BIA cites *INS v. Cardoza-Fonseca,* 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987), which held that the "well-founded fear of persecution" standard for asylum eligibility is a less demanding standard than the "more likely than not" standard for withholding of deportation. *Id.* at 448–49, 107 S.Ct. 1207. Because the IJ found that the petitioner was not credible, neither standard was relevant to the IJ's decision.

Third, the BIA cites *INS v. Stevic,* 467 U.S. 407, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984), which held that to be entitled to withholding of deportation, an individual's application must "be supported by evidence establishing that it is more likely than not that the alien would be subject to persecution on one of the specified grounds." *Id.* at 430, 104 S.Ct. 2489. Again, because the IJ found that the petitioner was not credible, this standard was not relevant to the IJ's decision.

Fourth, the BIA cites *Zheng v. Ashcroft,* 332 F.3d 1186 (9th Cir.2003), which held that when an individual claims entitlement to relief under the Convention Against Torture ("CAT") because of the conduct of non-governmental actors, that individual need not show that the "government is willfully accepting of the torture of its citizens by a third party" in order to show government acquiescence. *Id.* at 1197. *Zheng* is irrelevant to the IJ's decision, because all of the petitioner's allegations involved government actors.

Fifth, the BIA cites *Matter of S–V–,* 22 I. & N. Dec. 1306 (BIA 2000), the CAT acquiescence case overruled by *Zheng. Zheng,* 332 F.3d at 1192, 1197; *see Ochoa v. Gonzales,* 406 F.3d 1166, 1172 (9th Cir. 2005). *Matter of S–V–* is not only irrelevant—it is no longer good law.

The only language that even remotely suggests that the BIA affirmed the IJ's adverse credibility determination is the penultimate sentence of the order, which states, "Inasmuch as we are in agreement with the Immigration Judge's decision, we affirm his decision based upon and for the reasons set forth therein." Given the bizarre and illogical combination of citations in the BIA order, and the BIA's utter failure to give any indication that it was cognizant of the actual basis for the IJ's decision, I do not think this sentence is sufficient to demonstrate that the BIA actually affirmed the IJ's adverse credibility determination.

I nonetheless concur in the judgment. Assuming, as the BIA appears to do, that the petitioner was credible, *cf. Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir. 2005), a reasonable adjudicator would not be compelled to find that the petitioner has suffered past persecution, that he has a well-founded fear of future persecution, or that it is more likely than not that he would be tortured if removed to Armenia. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995); 8 C.F.R. § 1208.16(c)(2).